IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOMESTREET BANK,<br><br>     Plaintiff,<br><br>  vs.<br><br>CESAR RENOL CABA; EVELYN SAHAGUN CABA, ET AL.,<br><br>     Defendants. | Civil No. 18-00139 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF HOMESTREET BANK'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF HOMESTREET BANK'S MOTION TO REMAND

Defendants Cesar Renol Caba and Evelyn Sahagun Caba (collectively, "Defendants") removed this action to this Court on April 16, 2018 ("Removal"). *See* ECF No. 1.  Plaintiff Homestreet Bank ("Homestreet") filed a Motion to Remand on May 3, 2018.  *See* ECF No. 6.  Defendants filed an Opposition to the Motion to Remand on May 15, 2018.  *See* ECF No. 10.

The Court elected to decide the Motion to Remand without a hearing pursuant to Local Rule 7.2(d).  After careful consideration of the arguments by the parties, the record in this case, and relevant case law, the Court FINDS and RECOMMENDS that the district court remand this action to the Circuit Court of the Second Circuit, State of Hawai'i ("State Court").

BACKGROUND

Homestreet filed a Complaint for Foreclosure against Defendants on November 14, 2016. *See* ECF No. 6-3. Homestreet alleged that Defendants executed and delivered to: (1) Homestreet a Note with Construction Addendum in the principal amount of $894,400.00 on May 3, 2007 ("Note"); and (2) Mortgage Electronic Registration Systems, Inc. ("MERS") a Mortgage with Construction Rider ("Mortgage"), which was recorded on May 11, 2007 in the Bureau of Conveyances of the State of Hawaiʻi ("Bureau"). *Id.* at 2.

Homestreet alleged that MERS assigned its interest in the Mortgage to Homestreet by an August 27, 2009 Assignment of Mortgage and Note, recorded in the Bureau on October 2, 2009. *Id.* Homestreet maintained that the Mortgage was an encumbrance on the Defendants' interests in certain real property located in Wailuku, Hawaiʻi ("the Property"). *Id.* Homestreet asserted that its "lien of the Mortgage [was] valid and subsisting[,] and senior and superior to every other persons and Defendants' interests, if any, in the Mortgaged Property, including certain personal property. . . ." *Id.* at 3.

Homestreet contended that the Defendants failed to make the agreed monthly payments and such failure constituted a default under the Note and Mortgage; thus, Homestreet had "declared the entire indebtedness evidenced by the Note to be immediately due and payable." *Id.* Homestreet alleged that Defendants owed Homestreet $956,442.76 plus interest, late charges, and loan fees on the Note

and Mortgage, and all expenses and attorneys' fees incurred by Homestreet in connection with the Note and Mortgage. *Id*.

On February 16, 2017, Homestreet filed a motion for summary judgment and decree of foreclosure ("Motion for Summary Judgment") based on Defendants' failure to make payments since March of 2016. *See* ECF No. 6-4 at 2, 4. Defendants filed a notice of appeal to the Intermediate Court of Appeals for the State of Hawai'i on August 25, 2017. On September 14, 2017, the State Court entered its Findings of Fact, Conclusions of Law, and Order Granting Plaintiff Homestreet Bank's Motion for Summary Judgment and Decree of Foreclosure Filed on February 16, 2017. *Id*. at 4. The State Court entered Judgment the same day.

Defendants filed their Removal on April 16, 2018. Defendants contend that this district court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(a).

## DISCUSSION

### I. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), "[a] state-court action may be removed to federal court if it qualifies as a 'civil action . . . of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (quoting 28 U.S.C. § 1441(a)) (ellipses in *Rivet*). Defendants contend in the Removal that this action arises under Sections 85 and 86 of the National Bank Act. *See* ECF No. 1 at

3

2 (citing 12 U.S.C. §§ 85, 86). Defendants thus assert that this action arises "under the Constitution, laws, or treaties of the United States"; thus, this district court has jurisdiction pursuant to 28 U.S.C. § 1441(a). *Id.* The Court disagrees.

The National Bank Act provides "the exclusive federal cause of action for usury against national banks." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 2, (2003). Section 85 of the National Bank Act "sets forth the substantive limits on the rates of interest that national banks may charge." *Id.* at 9. Section 86 "sets forth the elements of a usury claim against a national bank . . . ." *Id.* (providing that the "taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85" constitutes a "usurious transaction") (quoting 12 U.S.C. § 86).

The instant case has nothing to do with interest rates. Rather, this action is a foreclosure action. Foreclosure actions are based solely on state law. *Hagan v. U.S. Na'lt. Bank*, No. CIV. 14-00215 DKW-KSC, 2014 WL 5465321, at *2 (D. Haw. Oct. 27, 2014). "Because this Court is one of limited jurisdiction, the only jurisdictional basis for removal of [a] foreclosure action (because it is based solely on state law) to this Court would be under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* at 2. Defendants do not allege diversity of citizenship jurisdiction in their Removal, only federal question jurisdiction pursuant to 28 U.S.C. § 1441(a).

The United States Supreme Court has "long held that '[t]he presence or

4

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. at 475 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (brackets in *Rivet*). "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables [the plaintiff], 'by eschewing claims based on federal law, . . . to have the cause heard in state court." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc.*, 482 U.S. at 398-99) (ellipses in *Holmes*). The federal issue must thus "be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (quoting *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 113 (1936) (noting that the federal controversy cannot be "merely a possible or conjectural one"). Such is not the case here.

The Court concludes that Homestreet's November 14, 2016 Complaint for Foreclosure does not present a federal question on the face of the properly pleaded

complaint.[1] The Complaint includes only state law claims, over which this district court lacks jurisdiction absent diversity of citizenship between the parties.

## II. Diversity of Citizenship Jurisdiction

Although Defendants do not allege that this district court has diversity of citizenship jurisdiction in their Removal, Defendants raise diversity of citizenship jurisdiction for the first time in their Opposition. *See* ECF No. 10. Without any explanation or reference to their previous basis for removal, Defendants argue in their Opposition that Defendants are citizens of California as of September 1, 2017, and that because the amount of controversy exceeds $75,000, this district court has jurisdiction in this action. *Id.* at 3-4. This argument is improper in an opposition to a motion to remand.

Defendants' assertion that this district court has diversity of citizenship jurisdiction must have been included in their Removal for this Court to consider whether it had jurisdiction on this basis. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) ("[T]he defendant must state the basis for removal

---

[1] The Court notes that pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Homestreet filed its Complaint for Foreclosure against Defendants on November 14, 2016. Accordingly, Defendants had 30 days after Defendants received service of the Complaint to remove this action. Thus, even if the Complaint alleged a federal question, Defendants' Removal was unequivocally untimely.

jurisdiction in the petition for removal."); *see also* 28 U.S.C. § 1446(a). Notwithstanding this procedurally improper argument, even if Defendants had some basis for alleging diversity of citizenship arising after Homestreet filed its November 14, 2016 Complaint, Defendants' Removal is nonetheless untimely.

Pursuant to 28 U.S.C. § 1446(c), if the case stated by the initial pleading was not removable, a notice of removal may be filed within 30 days after receipt by defendant of "other paper" from which it may be first ascertained that the case may be removable based on diversity of citizenship jurisdiction. Defendants may not, however, remove an action on the basis of diversity of citizenship jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

There are no allegations nor is there any evidence demonstrating that Homestreet acted in bad faith to prevent Defendants from removing this action. Defendants filed their Removal on April 16, 2018, nearly a year and a half after Homestreet filed its November 14, 2016 Complaint in State Court, and over seven months after Defendants allegedly became California citizens. Accordingly, even if this Court were to accept Defendants' basis for jurisdiction asserted in their Opposition, Defendants' removal based on diversity of citizenship is nonetheless untimely, and thus remand is appropriate. *Nazemi v. Wrona*, Civ. No. 13-00239 SOM-BMK, 2013 WL 3936205, at *1 (D. Haw. July 30, 2013) ("[T]he Court

7

remands the case because Defendants' notice of removal is untimely and the Court lacks subject matter jurisdiction."); *see also Olson v. Lui*, Civ. No. 11-00396 ACK-RLP, 2011 WL 5330445, at *3 (D. Haw. Nov. 4, 2011) ("The Court has diversity jurisdiction over the Olson Trust action, but nonetheless remands the case because, *inter alia*, the notice of removal was untimely under 28 U.S.C. § 1446(b), and the case is unremovable under the forum defendant rule set forth in 28 U.S.C. § 1441(b)."); *Countrywide Home Loans, Inc. v. Church of Haw. NEI*, CV 06-00250 JMS-LEK, 2006 WL 2338211, at *3 (D. Haw. Aug. 9, 2006) ("Since Defendant filed the notice of removal more than thirty days after service of the Complaint, remand to state court is appropriate.") (citing *O'Halloran*, 856 F.2d at 1381 (9th Cir. 1988) (reversing district court's order denying the motion to remand because there was no federal jurisdiction and the thirty days for filing and amending the petition for removal had passed)).

The Court FINDS and RECOMMENDS that the district court remand this action to State Court.

## II. Attorneys' Fees

Homestreet requests an award of fees pursuant to 28 U.S.C. § 1447(c). *See* ECF 6-1 at 12-13. "When a federal court remands a case, it 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Kalamau v. Kaloi*, Civ. No. 13-00200 JMS-KSC, 2013 WL 3288064, at *1 (D. Haw. June 12, 2013), *adopted by* 2013 WL 3288405 (D. Haw.

8

June 27, 2013) (quoting 28 U.S.C. § 1447(c)). "If, however, there is an objectively reasonable basis [for removal], fees should be denied." *Id.* "Bad faith on the part of the removing party is not required[.]" *Id.*

The Court concludes that awarding attorneys' fees and costs to Homestreet is appropriate. Defendants' Removal was not objectively reasonable because it was clearly untimely and there were no federal questions raised in Homestreet's Complaint. Only unusual circumstances warrant a departure from the general rule that attorneys' fees should be awarded when the removing party does not have an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005) ("[W]here no objectively reasonable basis exists, fees should be awarded."). This action does not demonstrate unusual circumstances warranting departure from the general rule. *Nazemi v. Wrona*, Civ. No. 13-00239 SOM-BMK, 2013 WL 3936205, at *1 (D. Haw. July 30, 2013), *adopted* on August 19, 2013 (reasoning that awarding attorneys' fees to Plaintiffs was appropriate, even though the defendant was proceeding pro se, because the removal was clearly untimely and there were no federal questions raised in plaintiffs' complaint; thus the removal was not objectively reasonable).

The Court thus recommends that the district court award Homestreet its attorneys' fees and costs incurred as a result of Defendants' improper removal.

9

CONCLUSION

The Court FINDS and RECOMMENDS that the district court (1) GRANT Homestreet Bank's Motion to Remand, (2) REMAND this case to the Circuit Court of the Second Circuit, State of Hawaiʻi, and (3) AWARD Homestreet its attorneys' fees and costs incurred as a result of Defendants' improper removal.

If this Court's recommendations should be adopted, then this Court further RECOMMENDS that a deadline be given for Homestreet's counsel to submit a declaration in conformance with Local Rules 54.2 and 54.3(d) to support its request for fees and/or costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaiʻi, May 17, 2018.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV18-00139 DKW-KJM; *HOMESTREET BANK VS. CESAR RENOL CABA; EVELYN SAHAGUN CABA, ET AL.*; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF HOMESTREET BANK'S MOTION TO REMAND